IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-cr-76-BO-1
No. 5:18-cv-167-BO

| | |
|---|---|
| CHRISTIAN G. RHODES,<br>    Petitioner, | )<br>)<br>) |
| v. | )    ORDER<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 56]. The government has moved to dismiss the petition. [DE 63]. The matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss [DE 63] is GRANTED and petitioner's § 2255 motion [DE 56] is DISMISSED.

## BACKGROUND

In May 2015, petitioner pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to defraud the government, in violation of 18 U.S.C. § 286, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. [DE 28, 29]. In September 2015, the Court sentenced petitioner to 144 months' imprisonment, which represented an upward departure from his guideline range. Petitioner appealed, arguing that the upward departure was procedurally and substantively unreasonable. The Fourth Circuit affirmed in an unpublished opinion. *United States v. Rhodes*, 665 F. App'x 275 (4th Cir. 2016). The Supreme Court denied cert on April 17, 2017.

In April 2018, petitioner filed the instant motion under 28 U.S.C. § 2255. [DE 56]. Petitioner claims his defense counsel was ineffective because (1) she allegedly did not inform him

of the possibility that the sentencing judge could make an upward departure; and (2) she did not object to the upward departure during the sentencing proceedings. [DE 56, p. 5–11]. The government moves to dismiss petitioner's § 2255 motion. [DE 63].

DISCUSSION

The government moves to dismiss petitioner's motion under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief[.] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Petitioner's claims are premised on the Sixth Amendment's right to effective counsel in criminal proceedings. Under *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner must show "that counsel's performance fell below an objective standard of reasonableness." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). A court's "scrutiny of counsel's performance must be highly deferential." *Id.* In fact, there is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Petitioner must further show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner's claims can only succeed if he establishes both that his

counsel's performance fell below an objective standard of reasonableness and that, but for counsel's errors, the result would have been different.

Here, petitioner has failed to show that his counsel's performance fell below an objective standard of reasonableness. Petitioner's counsel negotiated a plea agreement that dismissed 21 of 23 counts charged in the indictment. During sentencing, his counsel made extensive arguments for a downward departure, explaining petitioner's troubled upbringing, providing context for his criminal history, and highlighting sentences imposed on similarly situated defendants. Petitioner's claim that his counsel should have objected to the sentence imposed has no merit. His counsel advocated vigorously for a downward departure and her performance did not fall below professional standards.

Petitioner's claim that he did not have notice of the possibility of an upward departure also fails. The written plea agreement explicitly states that the Court was not bound by the guidelines. During his plea colloquy, petitioner acknowledged his understanding of the plea agreement and his understanding that the terms of the plea agreement did not bind the Court. Moreover, the possibility of an upward departure was specifically raised by the sentencing judge when discussing petitioner's rights on appeal.

In short, petitioner has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness or that the outcome of the proceedings would have been different.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and

3

that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, the government's motion to dismiss [DE 63] is GRANTED and petitioner's § 2255 petition [DE 56] is DISMISSED.

SO ORDERED, this **17** day of November, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE